**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SUCAMPO AG, SUCAMPO PHARMACEUTICALS, INC., SUCAMPO PHARMA, LLC, TAKEDA PHARMACEUTICAL COMPANY LIMITED, TAKEDA PHARMACEUTICALS USA, INC., and TAKEDA PHARMACEUTICALS AMERICA, INC., | **Civil Action No. 18-15482 (FLW)(TJB)** |

SUCAMPO AG, SUCAMPO
PHARMACEUTICALS, INC.,
SUCAMPO PHARMA, LLC, TAKEDA
PHARMACEUTICAL COMPANY
LIMITED, TAKEDA
PHARMACEUTICALS USA, INC., and
TAKEDA PHARMACEUTICALS
AMERICA, INC.,

                        Plaintiffs,

      v.

SUN PHARMACEUTICAL INDUSTRIES,
LTD. and SUN PHARMACEUTICAL
INDUSTRIES, INC.,

                    Defendants.

**Civil Action No. 18-15482 (FLW)(TJB)**

(Filed Electronically)

## CONSENT JUDGMENT AND ORDER OF PERMANENT INJUNCTION

        This action for patent infringement (the "Patent Litigation") has been brought by

Plaintiffs Sucampo AG, Sucampo Pharmaceuticals, Inc., Sucampo Pharma, LLC (collectively,

("Sucampo"), Takeda Pharmaceutical Company Limited, Takeda Pharmaceuticals USA, Inc.,

and Takeda Pharmaceuticals America, Inc. (collectively, "Takeda" and together with Sucampo,

"Plaintiffs") against Defendant Sun Pharmaceuticals Industries, Ltd. ("Sun Ltd.") and Sun

Pharmaceutical Industries, Inc. ("Sun Inc.") (collectively, "Sun" or "Defendants") for

infringement of United States Patent Nos. 7,795,312 ("the '312 Patent") , 8,026,393 ("the '393

Patent"), 8,097,653 ("the '653 Patent"), 8,338,639 ("the '639 Patent"), 8,389,542 ("the '542

Patent"), 8,748,481 ("the '481 Patent"), and 8,779,187 ("the '187 Patent") (collectively, the

"Sucampo Patents").  Plaintiffs' commencement of the Patent Litigation was based on its

receipt of notice from Sun that Sun filed ANDA No. 212292 with the United States Food and

Drug Administration containing a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV)

directed to the Sucampo Patents and seeking approval to market generic versions of 8 mcg

and 24 mcg lubiprostone capsules.

Plaintiffs and Sun have now agreed to a good-faith final resolution regarding this

Patent Litigation on the expectation and belief that this would eliminate the substantial litigation

costs that would otherwise be incurred by both Plaintiffs and Sun during the Patent Litigation,

while also serving the public interest by saving judicial resources and avoiding the risks to each

of the parties associated with infringement.  This Court shall retain jurisdiction over Plaintiffs

and Sun to enforce the final resolution.  Plaintiffs and Sun also believe that this resolution gives

them the procompetitive opportunity to more productively use money and other resources that

would have been spent in the continued prosecution and defense of this Patent Litigation, to the

benefit of the parties and consumers alike, such as by investing more money in pharmaceutical

research and development.

Each of Plaintiffs and Sun acknowledge there is significant risk to each of them

associated with the continued prosecution of this Patent Litigation and have consented to

judgment through a final resolution as reflected in the Consent Judgment set forth herein.  The

Court, upon the consent and request of Plaintiffs and Sun, hereby acknowledges the following

Consent Judgment and, upon due consideration, issues the following Order.

Plaintiffs and Sun now consent to this Consent Judgment and Order of Permanent

Injunction and

IT IS, this 2nd  day of ___July_____, 2020,

HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      This Court has subject matter jurisdiction over this patent infringement action, and personal jurisdiction over Plaintiffs and Sun for purposes of this action.  Venue is proper in this Court as to Plaintiffs and Sun as to this action.

2.      In this Patent Litigation, which was filed on October 30, 2018, Plaintiffs have charged Sun with infringement of the Sucampo Patents in connection with Sun's submission of Abbreviated New Drug Application ("ANDA") No. 212292 directed to generic tablets containing 8 mcg and 24 mcg of lubiprostone per capsule ("Sun's ANDA No. 212292 Products") to the U.S. Food and Drug Administration ("FDA").

3.      In response to Plaintiffs' charges of patent infringement, Sun has alleged certain defenses, including that the Sucampo Patents are invalid.  No decision has been obtained by the Plaintiffs from this Court regarding these charges of infringement or these defenses.

4.      Sun has not obtained a decision from the Court finding that it has rebutted the statutory presumption that the Sucampo Patents are valid and enforceable in the Patent Litigation.

5.      Sun admits that the submission of ANDA No. 212292 containing a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to the FDA for the purpose of obtaining regulatory approval to engage in the commercial manufacture, use and/or sale of Sun's ANDA No. 212292 Products within the United States before the expiration of the Sucampo Patents was a technical act of infringement of the Sucampo Patents under 35 U.S.C. § 271(e)(2)(A).  This admission is further without prejudice to any claim, defense or counterclaim in any future action between Sun and Plaintiffs, or any successor-in-interest to

Sucampo, regarding the Sucampo Patents and/or a generic lubiprostone product other than Sun's ANDA No. 212292 Products.

6.      Both parties have agreed that each of the defenses and counterclaims set forth in Sun's Answer, including the allegations and averments contained therein, should be dismissed, without prejudice.

7.      Sun, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby enjoined from manufacturing, using, offering to sell or selling within the United States, or importing into the United States, any generic capsule product containing 8 mcg and/or 24 mcg of lubiprostone per capsule that is the subject of ANDA No. 212292 until January 1, 2023 or at such earlier date as may be permitted by the resolution to which the Parties have agreed.

8.      Plaintiffs acknowledge that Sun is entitled to maintain their Paragraph IV certification to the Sucampo Patents pursuant to 21 C.F.R. § 314.94(a)(12)(v).

9.      Plaintiffs and Sun each expressly waives any right to appeal or otherwise move for relief from this final Consent Judgment and Order of Permanent Injunction.

10.      This Court retains jurisdiction over Plaintiffs and Sun for purposes of enforcing this final Consent Judgment and Order of Permanent Injunction.

11.      This Consent Judgment and Order of Permanent Injunction is without prejudice to, and shall have no preclusive effect as to, any claim, defense or counterclaim in any future action between Sun or any successor-in-interest to Sun, and Plaintiffs, or any successor-in-interest to Plaintiffs, regarding the Sucampo Patents and/or a generic lubiprostone product other than Sun's ANDA No. 212292 Products. Further, this Consent

Judgment and Order of Permanent Injunction shall not be admissible in evidence, as an admission of Sun or otherwise, in any such future action.

12.     The Clerk of the Court is directed to enter this final Consent Judgment and Order of Permanent Injunction forthwith, and thereafter close this matter.

IT IS HEREBY STIPULATED:

Dated:  July 1, 2020

By:  s/ William C. Baton
　　　Charles M. Lizza
　　　William C. Baton
　　　SAUL EWING ARNSTEIN & LEHR LLP
　　　One Riverfront Plaza, Suite 1520
　　　Newark, NJ 07102
　　　(973) 286-6700
　　　clizza@saul.com
　　　wbaton@saul.com

　　　*Attorneys for Plaintiffs*
　　　*Sucampo AG, Sucampo Pharmaceuticals,*
　　　*Inc., Sucampo Pharma, LLC, Takeda*
　　　*Pharmaceutical Company Limited, Takeda*
　　　*Pharmaceuticals USA, Inc., and Takeda*
　　　*Pharmaceuticals America, Inc.*

　　　*Of Counsel:*

　　　Preston K. Ratliff II
　　　Joseph M. O'Malley, Jr.
　　　Dana Weir
　　　PAUL HASTINGS LLP
　　　200 Park Avenue
　　　New York, NY 10166
　　　(212) 318-6000

　　　*Attorneys for Plaintiffs*
　　　*Sucampo AG, Sucampo*
　　　*Pharmaceuticals, Inc., and Sucampo*
　　　*Pharma, LLC*

By:  s/ Gregory D. Miller
　　　Gregory D. Miller
　　　Gene Y. Kang
　　　RIVKIN RADLER LLP
　　　21 Main Street, Suite 158
　　　Court Plaza South – West Wing
　　　Hackensack, NJ 07601
　　　Telephone:  (201) 287-2460
　　　Facsimile:   (201) 489-0495

　　　*Of Counsel:*

　　　Douglas H. Carsten
　　　Joshua Mack
　　　Alina L. Litoshyk
　　　WILSON SONSINI GOODRICH & ROSATI
　　　PROFESSIONAL CORPORATION
　　　12235 El Camino Real
　　　San Diego, CA 92130
　　　Telephone:  (858) 350-2300
　　　Facsimile:   (858) 350-2399

　　　*Attorneys for Defendants*
　　　*Sun Pharmaceuticals Industries, Ltd. and*
　　　*Sun Pharmaceutical Industries, Inc.*

William F. Cavanaugh
Zhiqiang Liu
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000

*Attorneys for Plaintiffs*
*Takeda Pharmaceutical Company Limited,*
*Takeda Pharmaceuticals USA, Inc., and*
*Takeda Pharmaceuticals America, Inc.*

**SO ORDERED:**

/s/ Freda L. Wolfson
_____

**THE HONORABLE FREDA L. WOLFSON**
**United States Chief District Judge**